UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD HACKER, | ) |
| Plaintiff, | ) No. CV-08-094-CI |
| | ) |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner | ) MOTION FOR SUMMARY JUDGMENT |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 9, 11.) Attorney Lora Lee Stover represents Richard Hacker (Plaintiff); Special Assistant United States Attorney Richard M. Rodriquez represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability benefits (DIB) on April 16, 2004. (Tr. 57.) His claim was denied in July 2004, and he did not appeal the denial. (Tr. 49, 371.) Plaintiff reapplied for DIB on November 22, 2004. (Tr. 52-53, 371.) He alleged disability due to a back condition and blindness in his right eye, with an onset date

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

of June 27, 1997.  (Tr. 65, 374.)  His claim was denied initially and on reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held in March 22, 2007, before ALJ Richard Say.  (Tr. 28, 46, 367-97.)  Plaintiff and vocational expert K. Diane Kramer (VE) testified.  (Tr. 368.)  The ALJ denied benefits on April 16, 2007, and the Appeals Council denied review.  (Tr. 19-27, 6-9.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the alleged onset date, Plaintiff was 36 years old with a high school equivalency degree.  (Tr. 71, 391.)   Plaintiff has past work experience as a sprinkler system installation specialist, a warehouse manager and a clerk.  (Tr. 66, 98.)  He injured his back in June 1997, while working as a warehouse manager for a sprinkler installation company.  (Tr. 103.)  He filed a workers compensation claim and received medical treatment, including back surgery, from 1997 through 1998.  In November 1998, his doctor released him back to work at a light duty position of inside sales for his employer. (Tr. 235-36.)  He declined that position and reported working on his own.  (Tr. 144, 236.)

At the time of the ALJ hearing, Plaintiff was 40 years old and living with his spouse of two years and her son in their house. (Tr. 373, 384.)   His workers compensation claim had been reopened in 2004, due to complaints of increasing back pain.  (Tr. 241, 371.) Plaintiff testified his spouse had to help him with activities of

daily living, and she did all of the house upkeep. (Tr. 376, 378.) Plaintiff testified prior to 2002, he could lift 25 pounds from a desk, 10 to 15 pounds from the floor, sit comfortably for 10 to 15 minutes before having to stretch. (Tr. 380.) He stated he declined the light duty job offered in 2001 because he knew he could not perform the work of counter sales. (Tr. 388.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff's date of last insured for DIB purposes was December 31, 2002. (Tr. 21.) At step one, ALJ Say found Plaintiff had not engaged in substantial gainful activity during the relevant time. (*Id*.) At step two, he found Plaintiff had severe impairments of "post discectomy L5-S1, mild congenital spinal stenosis, L3-4; mild degenerative changes most prominent at L5-S1; obesity; and left knee pain, unclear etiology," through the date of late insured. (*Id*.) The ALJ determined at step three these impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23.) In regards to Plaintiff's right eye blindness, which caused some limits in depth perception, and allegations of hearing loss, the ALJ found these conditions did not limit his ability to perform work-related activities. (Tr. 22.) The ALJ found Plaintiff's symptom allegations were not entirely credible. (Tr. 24.) At step four, he determined Plaintiff had the following residual functional capacity (RFC):

> [T]hrough the date of last insured, the claimant had the residual functional capacity to perform less than the full range of light work with occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouch, and

```
          crawling.  He should avoid climbing ladders, ropes and
          scaffolds, repetitive use of the left leg, and vibration.
          The claimant also has limited depth perception and needs
          to avoid noisy environments.
```

(Tr. 23.)

He found Plaintiff could not perform past relevant work. (Tr. 26.) Considering vocational expert testimony and the record in its entirety, the ALJ concluded Plaintiff's impairments and his RFC during the insured period did not preclude Plaintiff from performing work as an industrial order clerk, a shipping checker and sales clerk, as defined in the *Dictionary of Occupational Titles*. (Tr. 27.) Therefore, Plaintiff was not under a "disability" as defined by the Social Security Act. (Tr. 27.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) failed to call a medical expert at step three; (2) assessed Plaintiff's credibility and pain complaints; (3) assessed his RFC; and (4) failed to include all limitations in the hypothetical question at step five. He asserts the record in its entirety does not support the ALJ's denial of benefits. (Ct. Rec. 10 at 9, 11-13.)

**DISCUSSION**

**A.  Period at Issue: June 27, 1997 through December 31, 2002**

To receive benefits under Title II of the Social Security Act, Plaintiff must provide evidence that he was disabled from his alleged date of onset up through his date of last insured. 42 U.S.C. § 402 (a)(1). It is undisputed that Plaintiff's period of insured ended on December 31, 2002; therefore, evidence of further deterioration of Plaintiff's condition is irrelevant to the determination of disability for DIB.[1] *Weetman v. Sullivan*, 877 F.2d

---

[1] Plaintiff is not precluded, however, from filing an application for supplement security income under Title XVI of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

20, 22 (9th Cir. 1989).  The ALJ properly considered medical records and Plaintiff's testimony that dealt with the relevant period of time.  *Id*.  (Tr. 24-26.)

**B.  Credibility**

When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)*; Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ must engage in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms."  *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).  Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant.  In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility:  the claimant's reputation for truthfulness,

---

Social Security Act.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

inconsistencies either in his allegations of limitations or between his statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d 597 n.5 (9th Cir. 1989).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600; *Fair*, 855 F.2d at 604 ("[c]redibility determinations are the province of the ALJ.").

Although Plaintiff does not specify which testimony was improperly rejected or which credibility findings are unsupported, an independent review of the entire record and the ALJ's decision indicates the ALJ did not err in his credibility findings.  The ALJ thoroughly summarized the medical evidence and Plaintiff's testimony relevant to the period during which Plaintiff was insured.  He specifically noted Plaintiff testified that after back surgery in 2002, he still could not sleep well.  He stated he suffered leg pain which worsened when he moved around; walking for one half hour would make him unable to function the next day; the heaviest weight he could lift was 15 to 25 pounds depending on his position; he could sit for about 10 to 15 minutes; his right eye blindness affected his ability to judge distance and caused eye strain in his good eye, headache and difficulty in concentrating; and he suffered hearing loss, but had not had his hearing assessed or treated. (Tr. 23-24.) The ALJ also noted Plaintiff's testimony that he declined an offer of light duty work in November 1998, because "he knew he could not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

do counter sales." (Tr. 24.)

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair*, 885 F.2d at 603. Subjective complaints alone cannot be the basis for a finding of disability. Further, the ALJ need not completely reject nor completely accept the claimant's allegations. *Social Security Ruling* (*SSR*) 96-7p. ALJ Say gave "clear and convincing" reasons for discounting Plaintiff's testimony as it related to the period at issue. He found treatment for Plaintiff's back condition was routine and conservative, and back surgery was generally successful. In support of this finding, the ALJ referenced the neurosurgeon's notes reporting Plaintiff's leg pain had resolved, but he was bothered by back pain. (Tr. 24, 120.) The ALJ found imaging showed no ongoing nerve compression to explain back pain, and Plaintiff ultimately benefitted from conservative medication. (Tr. 24, 120-22.) Finally, the ALJ found medical opinions from Plaintiff's treating doctor, Dr. Rempel, indicated Plaintiff was capable of light duty work in October 1998. (Tr. 24, 235.) Physician notes indicate Plaintiff reported doing best if he changed positions regularly, and stated other symptoms were controlled with activity. (Tr. 25, 236.)

A lack of objective medical evidence to establish severity of pain is a relevant factor to consider in credibility assessments, as long as it is not the only factor. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell*, 947 F.2d at 345. The ALJ gave

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

other reasons for discounting Plaintiff's pain testimony: there were periods during Plaintiff's disability period when he did not take medication or seek treatment for symptoms; Plaintiff reported he was able to manage his symptoms with conservative measures between 1998 and 2004; there is no medical evidence of complaints or treatment from 1998 until 2004, when Plaintiff sought to reopen his workers compensation claim; he testified he declined light duty work in 1998, because he knew he could not do counter sales, but November 1998 reports indicated he declined because he had other work options; and he returned to gainful employment in 1998, which he reported was "going well." (Tr. 25, 144, 238.) The ALJ also noted Plaintiff did not complain of eyesight or hearing limitations during the relevant period. (*Id.*) These specific reasons for discounting subjective complaints are "clear and convincing" and fully supported by the record.

Although the record supports the ALJ's findings that Plaintiff experienced some limitations due to his back condition and knee pain, the evidence in its entirety was rationally interpreted to support a finding that Plaintiff's subjective complaints of disabling pain are not credible.

**C.   Step Four - Residual Functional Capacity Determination**

It is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 404.1546; *SSR* 96-5p (RFC assessment is an administrative finding of

fact reserved to the Commissioner). No special significance is given to a medical source opinion on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e). Further, where an adjudicator's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

Plaintiff first appears to argue that without medical expert testimony, the ALJ's step three finding is not supported by substantial evidence. (Ct. Rec. 10 at 11.) This argument is without merit. The decision to call a medical expert for additional evidence on the nature and severity of impairments is within the discretion of the ALJ. Testimony from a medical expert is required only "[w]hen . . . in the opinion of the [ALJ] or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." *SSR* 96-6p. Here, the record does not suggest reasonably that equivalency is an issue during Plaintiff's insured period, and Plaintiff references no evidence that would suggest he meets a Listing. On the contrary, Plaintiff's back condition was treated successfully with conservative treatment and surgical intervention. (Tr. 109-21.) As noted by Plaintiff in his argument, in November 1998, Plaintiff's treating physician indicated his condition was fixed and stable and he was capable of returning full time to light work. (Ct. Rec. 10 at 11; Tr. 236.) Plaintiff does not controvert his treating physician's opinion. This opinion properly was given significant weight by the ALJ. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); (Tr. 25). The ALJ was not required to call a medical expert and did not err at step three.

Plaintiff also argues the ALJ failed to fully evaluate the medical evidence in determining his RFC. However, the ALJ properly found Plaintiff retained the ability to do light work. (Tr. 23.) He based this finding on Plaintiff's testimony that in 2002, he could lift from 15 to 25 pounds, and the fact that his treating physician opined Plaintiff could do light duty work in 1998, work that the Plaintiff declined because he had other work options at the time. (Tr. 23, 25, 379-80.) Regarding postural limitations, depth perception limitations, and the need to avoid noisy environments, repetitive use of the left leg, and vibration, these restrictions are consistent with the severe impairments established by uncontroverted medical evidence prior to Plaintiff's date of last insured and Plaintiff's credible testimony, as discounted by the ALJ in his credibility findings. (Tr. 23-25, 237-39, 379-80, 383.) Considering the record in its entirety, the evidence reasonably supports the ALJ's RFC determination.

**D.   Step Five - Hypothetical Question**

Plaintiff contends the ALJ erred at step five by presenting an incomplete hypothetical to the VE. (Ct. Rec. 10 at 13.) At step five, the burden of proof shifts to the Commissioner to show there is a significant number of jobs in the national economy that Plaintiff can still perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Having found Plaintiff could no longer perform his past relevant work, the ALJ proceeded to step five and presented the

following hypothetical individual to the VE:

> [A] younger individual with the equivalent of high school education who has the ability to read, write and use numbers.  He has a work history that [the VE] just described.  He said he is limited to light exertional level activities.  He also has functional limitations one, because of the loss of his right eye he would have limited depth perception.  He can only occasionally stoop, crouch, crawl, kneel, balance, climb stairs.  Should never climb ladders, ropes and scaffolds.  He's described a left knee problem. . . . [H]e would be unable to use his left lower extremity for repetitive movements other than walking.  He should avoid activities involving vibration.  Assume further that this individual is afflicted with symptoms from various sources including mild to moderate chronic pain which is of sufficient severity to be noticeable to him at all times, but he would be able to remain attentive and responsive in a work setting and could carry out normal work assignments satisfactorily.  Further assume that he takes medication for relief of his symptoms, but medications would not prevent him from functioning at the level indicated and he would remain reasonably able to perform required functions presented by his work setting. Assume further that while functioning at the level indication [sic] he would find it necessary to change positions from time to time to relieve his symptoms.  If he's working seated he may have to stand up every hour or so for a few minutes or [be] able to move around a little at the work station.

(Tr. 391-92.)

The hypothetical reflects limitations in the ALJ's final RFC determination discussed above.  (Tr. 23.)  In addition, limitations due to pain and medication, right eye loss and hearing problems, and Plaintiff's self-reported need to change positions to relieve pain were presented in the hypothetical.  The restrictions considered by the VE in her testimony are fully supported by the record and Plaintiff's testimony deemed credible by the ALJ.  *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007), *cert denied,* 128 S.Ct. 1068 (2008).  The VE identified transferable positions that could be performed by Plaintiff: industrial order clerk, shipping checker, and sales clerk, as defined by the *Dictionary of Occupational*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

*Titles*. (Tr. 392-93). The Commissioner met his burden at step five.

## CONCLUSION

The ALJ thoroughly detailed the medical evidence in the record and properly assessed Plaintiff's ability to perform work activities. His detailed credibility findings are "clear and convincing." His determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED**;

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED February 11, 2009.

          S/ CYNTHIA IMBROGNO
      UNITED STATES MAGISTRATE JUDGE